UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT GUBANICH,

    Plaintiff,

v.                                                                  Case No.:  2:24-cv-00449-SPC-NPM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

Before the Court are Plaintiff Robert Gubanich's Motion to Remand (Doc. 15) and Defendant State Farm Mutual Automobile Insurance Company's opposition (Doc. 18).[1]  For the below reasons, the Court grants the motion.

Plaintiff sued Defendant for negligence in state court on January 18, 2024[2] for uninsured/underinsured motorist benefits and served the Complaint on February 8.  (Doc. 4-6; Doc. 8).  Defendant removed the case three months later.  (Doc. 1).  Plaintiff now moves to remand because the removal is untimely and the Court lacks diversity jurisdiction.

---

[1] The Court accepts Defendant's late-filed response as excusable neglect.

[2] Unless otherwise noted, all dates referenced occurred in 2024.

Generally, a defendant has thirty days after receipt of a complaint to remove a state action to federal court. 28 U.S.C. § 1446(b)(1). And a defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000. 28 U.S.C. § 1332(a).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Removal statutes are strictly construed, with doubts resolved for remand. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 912 (11th Cir. 2014).

Defendant's removal is untimely. The Notice of Removal concedes that "[t]he case became removable on February 9, 2024 by State Farm's receipt of service of process of Plaintiff's Complaint, at which time it was first ascertained that the case is one which is, or has become, removable because diversity of citizenship and the requisite amount in controversy were established." (Doc. 1 at 8; Doc. 4 at 8). But Defendant waited until May 13—well over thirty days—to remove the case. *See* 28 U.S.C. § 1446(b)(1); *Russe v. Gonzalez*, No. 2:23-CV-145-SPC-KCD, 2023 WL 3394159, at *2 (M.D. Fla. Apr.

2, 2023) (remanding case when defendant did not remove the case within thirty days "receipt of a pleading or other paper that create[d] jurisdiction."). And Defendant offers nothing to counter its concession. Because Defendant waited too long to removal this case, the Court grants Plaintiff's motion.

Accordingly, it is

**ORDERED:**

1. Plaintiff Robert Gubanich's Motion to Remand (Doc. 15) is **GRANTED.**

2. This action is **REMANDED** to the Twelfth Judicial Circuit in and for DeSoto County, Florida. The Clerk must send a certified copy of this Order to the Clerk of that Court.

3. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twelfth Judicial Circuit in and for DeSoto County, Florida.

4. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 28, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3