UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT GUBANICH,

    Plaintiff,

v.                               Case No.:  2:24-cv-449-SPC-NPM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

## OPINION AND ORDER

Almost six months ago, the Court remanded this uninsured/underinsured motorist benefits action because the removal was untimely and closed the case. (Doc. 23). Yesterday, Defendant State Farm Automobile Insurance Company filed a Second Notice of Removal.[1] (Doc. 25). In the second notice, Defendant explains that on November 5, 2024, Plaintiff Robert Gubanich served a proposal for settlement seeking $250,000. Defendant relies on this proposal for settlement as "changed circumstances" that now support removal based on diversity jurisdiction.

---

[1] The second notice states that "a copy of this Notice has . . . been filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida." (Doc. 25 at 9). This appears to be an error, because Plaintiff originally filed this case in the Circuit Court of the Twelfth Judicial Circuit in and for DeSoto County, Florida. (Doc. 8).

At the outset, the Court acknowledges that the mere fact that this case was previously remanded does not, by itself, automatically preclude Defendant from filing a second notice of removal. *See Nicholson v. Nat'l Accts., Inc.*, 106 F. Supp. 2d 1269, 1271 (S.D. Ala. 2000). "A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition *when subsequent pleadings or events reveal a new and different ground for removal*." *Watson v. Carnival Corp.*, 436 F. App'x 954, 955 (11th Cir. 2011) (emphasis in original) (cleaned up).

Here, Defendant does not bother to explain why the Court should consider its second notice notwithstanding the fact that its first notice was untimely.[2] But even assuming the Court can consider the second notice of removal, Defendant has failed to carry its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Diversity jurisdiction requires the amount in controversy to exceed $75,000, "exclusive of interests and costs[.]" 28 U.S.C. § 1332(a). Although a settlement offer, by itself, is not determinative as to amount in controversy, it

---

[2] Defendant states that the Court remanded the case because the Notice of Removal was untimely and the parties lacked diversity jurisdiction. (Doc. 25 at 2). Not so. The Court remanded solely because the notice was untimely and did not address diversity jurisdiction. (Doc. 23).


"counts for something." *Burns v. Windsor Insur. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994).

Defendant points to the settlement proposal at "Exhibit D" as evidence of the amount in controversy. (Doc. 25 at 2). But Exhibit D is a civil cover sheet, not the settlement proposal.[3] (*Id.* at 29). The Court found the settlement proposal buried on page 70 of Defendant's undifferentiated 78-page filing. (*Id.* at 70).

Plaintiff's settlement proposal is a bare-bones offer to settle all damages, taxable costs, and prejudgment interest for $250,000. There is no explanation of Plaintiff's alleged past or future medical expenses or non-economic damages. In the second notice, Defendant states that "Plaintiff's alleged past medical expenses in addition to his claimed future treatment and non-economic damages clearly surpasses this Court's $75,000 jurisdictional threshold." (Doc. 25 at 8). Defendant also states that "in addition to Plaintiff's non-economic damages of past and future pain and suffering, he claims to require future medical care and costs, including future treatment, medication, diagnostic

---

[3] The civil cover sheet is also insufficient evidence of the amount in controversy. *See Bell v. Ace Ins. Co. of the Midwest*, No. 2:20-cv-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) ("To give the state civil cover sheet a substantive effect for purposes of the removal statute . . . would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data.").

studies, therapy, pain management injections[,] and future surgery." (*Id.*) But Defendant does not cite evidence for support or point the Court toward any filing to substantiate its conclusory statements.

Further, the Complaint offers no indication of the amount in controversy. (Doc. 8). Plaintiff alleges that his damages exceed $50,000, which is insufficient in itself to establish diversity jurisdiction. (*Id.* ¶ 1). Further, Plaintiff makes a general statement of his alleged injuries in the Complaint; however, the Court finds that a general statement of physical injuries is insufficient to establish subject matter jurisdiction.[4] *Mendoza v. Thibaudeau*,

---

[4] Plaintiff alleges he suffered "bodily injury including a permanent injury to the body as a whole, pain and suffering, disability, physical impairment, disfigurement, inconvenience, loss of capacity for the enjoyment of life, activation and/or aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money[,] and loss of ability to lead and enjoy a normal life." (Doc. 8 ¶ 14).

Even considering these allegations with the settlement proposal, the Court finds that they do not establish the amount in controversy. "While . . . a court may use reasonable deductions and common sense in determining whether the jurisdictional threshold has been met, there must first be supporting evidence to do so, and a court may not speculate or guess." *Jennings v. Powermatic*, No. 3:13-CV-921-J-32JBT, 2013 WL 6017313, at *2 (M.D. Fla. Nov. 13, 2013) (citing *Harper v. Marriot Hotel Serv. Inc.*, No. 3:12–cv–1098–J–12MCR, 2012 WL 6061726, at *2 (M.D. Fla. Dec.6, 2012)). As other courts in this District have noted, "resultant pain, medical expense, loss of earning, loss of the enjoyment of life, and other vague assertions do not convince the Court that the jurisdictional requirements have been met . . . . These categorical assertions of loss inherent in almost every tort complaint, convey no fact, and certainly establish no amount in controversy." *Id.* (citing *Bienvenue v. Wal–Mart Stores, East, LP*, No. 8:13–cv–1331–T–33TGW, 2001 WL 36518834, at *2 (M.D. Fla. June 19, 2013); *Castro v. BP Products of North America, Inc.*, 8:11–cv–2188–T–23TBM, 2011 WL 9134010, at *1 (M.D. Fla. Oct.7, 2011) ("[A] conclusory listing of diverse harms fails to overcome the presumption against federal jurisdiction."); *Beal v. State Farm Mut. Auto. Ins. Co.*, No. 3:12–cv–703–K12JBT, 2012 WL 4049516, at *3 (M.D. Fla. 2012) (noting that two car accident victims' claims including bodily injury, disability, disfigurement, expense of medical care, loss of ability to

No. 2:16-CV-466-FTM-38CM, 2016 WL 11410897, at *3 (M.D. Fla. Oct. 18, 2016) (citing *Jennings*, 2013 WL 6017313, at *2).

In sum, while Plaintiff's settlement proposal may be "something," here, it is not enough. The Court finds that Defendant has not shown "by a preponderance of the evidence" that subject matter jurisdiction exists here. *Burns*, 31 F.3d at 1094.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twelfth Judicial Circuit in and for DeSoto County, Florida. The Clerk must send a certified copy of this Order to the Clerk of that Court.

2. This case **REMAINS** closed.

**DONE** and **ORDERED** in Fort Myers, Florida on December 3, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

earn money, and aggravation of a previously existing condition were "nothing more than a general description of the types of damages Plaintiffs claim to have suffered" and did not establish an amount in controversy)).